IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____x
RENEE JOHNSON-BROWN and D.S., a minor child,

                                Index No.

            PLAINTIFF,

vs.

                                COMPLAINT
                                [JURY TRIAL
                                DEMANDED]

THE CITY OF NEW YORK, and "JOHN DOE"
POLICE OFFICERS 1-2;

            DEFENDANTS.
_____x

      Plaintiffs, by their attorneys, STECKLOW & THOMPSON, complaining of the defendants, respectfully allege as follows:

## I.    PRELIMINARY STATEMENT

      1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, and under New York State law.

## II.    Venue and Jurisdiction

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

      3.    Venue is proper for because the events occurred in this district.

## III.    JURY DEMAND

      4.    The plaintiff respectfully demands a trial by jury of all issues in this matter.

## IV.	THE PARTIES

5.	Plaintiff RENEE JOHNSON-BROWN (also "Renee") is a resident of the State of New York.

6.	Plaintiff D.S. is a resident of the State of New York.

7.	Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.	Defendant THE CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of THE CITY OF NEW YORK.

9.	Defendant "JOHN DOE" POLICE OFFICERS 1-2 are police officers of the NYPD.

10.	Throughout the incident, Defendant "JOHN DOE" POLICE OFFICERS 1-2 were acting within the scope of their employment and under color of state law.

11.	The police officer defendants will be referred to collectively as 'The Police Officer Defendants."

12.	The Police Officer Defendants plus the City of New York will be referred to as "The Defendants."

## V.     FACTS COMMON TO ALL CLAIMS

13.     Plaintiff Renee Johnson-Brown is the mother of plaintiff D.S.

14.     On May 2, 2016, at approximately 5:15 PM, the Plaintiffs Renee and D.S. were passengers in a car driven by Charles Brown, Renee's husband.

15.     Also in the car was Renee's 9-year-old daughter, who is not a party to this case.

16.     The car was stopped by the police, "JOHN DOE" POLICE OFFICERS 1-2, on 145th Street between Adam Clayton Powell Boulevard and Malcolm X Boulevard.

17.     The police claimed that the car's windows were "too tinted."

18.     The police arrested Charles Brown for driving the car with its supposedly too-tinted windows.

19.     Charles Brown is black.

20.     Renee Johnson-Brown and D.S. are also African-American.

21.     Renee protested to the police that there was no reason to arrest her husband.

22.     The police then arrested Renee.

23.     At this point, D.S., who was 16 at the time, was standing with her younger sister on the sidewalk, by the car.

24.     D.S. used her phone to call her older sister, an adult, to come get her.

25.     D.S.'s older sister was about five minutes away.

26.     "JOHN DOE" POLICE OFFICERS 1-2, however, insisted that they had to leave the location immediately.

27. The officers refused to leave D.S. and her younger sister to wait for their older sister.

28. The officers refused to wait for the older sister of D.S. to arrive.

29. The officers insisted that D.S. must go with them to the police precinct.

30. D.S. did not want to go to the police precinct, and she said so.

31. The police responded by arresting D.S.

32. The plaintiffs were prosecuted, but all charges were dismissed.

## VI. Claims for Relief

### FIRST CLAIM FOR RELIEF

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO 42 U.S.C. § 1983
### (AGAINST ALL DEFENDANTS)

33. The plaintiff realleges all allegations stated herein.

34. Defendant The City of New York and its agents, servants and employees, including, but not limited to, The Police Officer Defendants, deprived the plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

35. All of the aforementioned acts of The Police Officer Defendants were carried out under the color of state law.  The acts complained of were carried out by The Police Officer Defendants in their capacities as police officers, with all of the actual and or apparent authority attendant thereto.  The Police Officer Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36.    As a result of the above constitutionally impermissible conduct, the plaintiffs was caused to suffer harm.

37.    The plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**FALSE ARREST
PURSUANT TO 42 U.S.C. § 1983
(AGAINST ALL DEFENDANTS)**

38.    The plaintiffs reallege all allegations stated herein.

39.    Assuming that it is illegal to drive a car with windows that are too tinted, it isn't illegal to be a passenger in such a car.

40.    The defendants arrested the plaintiffs without having any reason to do so.

41.    As a result of the above constitutionally impermissible conduct, the plaintiffs was caused to suffer harm.

**THIRD CLAIM FOR RELIEF**

**MALICIOUS PROSECUTION
PURSUANT TO 42 U.S.C. § 1983
(AGAINST ALL DEFENDANTS)**

42.    The plaintiffs reallege all allegations stated herein.

43.    The defendants caused the plaintiffs to be prosecuted for offenses which they did not commit.

44.    The plaintiffs were compelled to respond to those charges.

45.    The charges were ultimately dismissed.

46.    As a result of the above constitutionally impermissible conduct, the plaintiffs was caused to suffer harm.

WHEREFORE it is respectfully requested that the Court:

    [a] Award appropriate compensatory and punitive damages.

    [b] Empanel a jury.

    [c] Award attorney's fees and costs.

    [d] Award such other and further relief as the Court deems to be proper and in the interest of justice.

DATED:    New York, New York
                December 28, 2016

                _____//s//_____
                DAVID A. THOMPSON  [dt3991]
                STECKLOW & THOMPSON
                ATTORNEYS FOR PLAINTIFF
                217 Centre Street, 6th Floor
                Phone:  (212) 566-8000
                Fax:     (212) 202-4952
                dave@sctlaw.nyc